**VISINTINE AND COMPANY, Plaintiff-Appellant, v. NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, and BALTIMORE AND OHIO RAILROAD COMPANY, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5768.   Decided April 29, 1958.

Knepper, White, Richards, Miller & Roberts, William E. Knepper and John A. Jenkins, of Counsel, Columbus, for plaintiff-appellant.

Wilson & Rector, Harrison W. Smith, of Counsel, Columbus, for defendant-appellee, The New York, Chicago and St. Louis Railroad Company.

Alexander, Ebinger & Wenger, John D. Holschuh, of Counsel, Columbus, and Harrington, Huxley & Smith, T. Lamar Jackson, of Counsel, Youngstown, for defendant-appellee, The Baltimore and Ohio Railroad Company.

## OPINION

By MILLER, J.

This is a law appeal from a judgment in favor of the defendants-appellees rendered upon the sustaining of demurrers to the amended petition after the plaintiff had indicated a desire not to plead further. The correctness of the ruling on the demurrer of each of the defendants is therefore the question presented by this appeal.

Two causes of action were set forth in the amended petition, one of which was grounded upon a breach of contract and the other sounded in tort alleging that the defendants and each of them carelessly, negligently and in disregard of the obligations assumed by them under their railroad contract with the City of Fostoria and the State of Ohio, failed and refused to perform their said work in sequence and in accordance with the plans and specifications and as the direct and proximate result thereof the plaintiff suffered the damages set forth in the amended petition. An examination of the same reveals the following pertinent facts: Prior to 1950 railroad tracks of each of the defendant companies, The New York, Chicago and St. Louis Railroad Company and The Baltimore and Ohio Railroad Company, crossed United States Route 23 at grade on Wood Street in the City of Fostoria, Ohio. In August, 1949, the City of Fostoria passed an ordinance giving its consent to the grade crossing elimination and agreed to bear certain costs of the improvement. In May of 1950 the Director of Highways for the State of Ohio, by official entry, declared that the separation of grades was reasonably necessary and expedient. Following this, on the 17th day of July, 1950, the Director of Highways entered into a contract with the City of Fostoria and the defendant railroad companies, which contract set up the proportion of costs of the grade crossing elimination to be borne by each of the parties thereto, and also provided for certain work to be performed by the defendant companies. These contracts with the City of Fostoria and the railroads did not cover all of the necessary work to be done on the project, the balance of which was to be performed under a separate contract and which was accordingly entered into at a later date, between the plaintiff-appellant Visintine Company, and the State of Ohio. Each of the separate contracts provided that the work should be performed in accordance with the plans and specifications submitted for the project and in the sequence designated. The nature of the work was such that none of the parties could perform its part in a single operation, but numerous ones were required and the time when each was to be performed was specified and spelled out in the plans and specifications agreed upon. These contracts were subsequently carried out and the project completed. Plaintiff now claims damages against the railroad companies as the result of said project and claims in the amended petition that the defendant railroad companies failed to perform their work as required by their contract with the State of Ohio. As the plaintiff was not a party to the contract between the State of Ohio and the railroad companies, it is attempting to recover in this action against the railroads upon the theory that it is a third party beneficiary to the contract of July 17, 1950, between the State of Ohio and the defendant railroads.

The facts may be further clarified, to wit:

(1) The railroads promised the State of Ohio that they would perform certain specified work in a certain sequence with other work to be done by another contractor.

(2) The State of Ohio relied upon these promises and entered into a contract with the plaintiff Visintine to perform the balance of the work.

(3) The amended petition alleges that the railroads breached their contract resulting in the damage alleged to Visintine.

(4) There was no actual contract between Visintine and either of the railroads.

The trial court was of the opinion that Visintine was only an incidental beneficiary of the contracts between the railroads and the State of Ohio, and therefore had no right of action against the railroads, citing Chapter 6 of Restatement of the Law of Contracts, Sections 133-147. The law seems to be well settled that an incidental beneficiary to a contract may not maintain an action on the same if it is not a party. However, counsel for the appellant urges that Visintine is not an "incidental beneficiary" but is a "creditor beneficiary," and if correct in this assumption it would be qualified to maintain the action. Section 133 (b) of Restatement of the Law, supra, defines a "creditor beneficiary" as follows:

"Where performance of a promise in a contract will benefit a person other than the promisee, that person is * * *

"(a) * * *

"(b) a creditor beneficiary if * * * performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, * * *."

Now, the promisee (the State of Ohio) owed to Visintine (the beneficiary) the duty to perform those portions of the work that were necessary antecedents of Visintine's work. In E. W. Foley, Inc. v. State, 61 N. Y. S. 2d 118, the court said:

"It is a well-settled principle of law in the construction of contracts that when the obligation of performance by one party presupposes the doing of some act on the part of the other, prior thereto, that the neglect or refusal to perform such act, not only dispenses with the obligation of performance by the other, but also entitles him to rescind, or, when rescission will not afford him an adequate remedy, to continue the work, and recover such damages as the delinquency has occasioned against the defaulting party."

See also, **Mason Tire & Rubber Co. v. The Cummins-Blair Co., 116 Oh St 554, 559;** Williston on Contracts, Section 1318.

The performance of the promise by the railroads of the duties they owed to the State of Ohio would have satisfied a duty the promisee (State of Ohio) owed to Visintine, making it a "creditor beneficiary" under the definition found in "Restatement of the Law," supra.

In **11 O. Jur. 2d, Section 180,** we find the following:

"A third person who is a creditor beneficiary may generally maintain an action at law upon a promise made for his benefit by another. A person falls within the designation of creditor beneficiary if performance of the promise will operate to discharge a real or a supposed or alleged duty, and is not intended as a gift. It is sufficient to support the contract

itself, if the promise is made by the promisor upon a sufficient considera- tion passing between him and the promisee; when the third person adopts the acts of the promisee in obtaining the promise for his benefit, he is brought in privity with the promisor and may enforce the promise as if it were made directly to him."

In support of the above statement the case of **Vail v. The Reuben H. Donnelley Corp., 56 Oh Ap 219**, is cited. See also Southwest General Con- struction Co. v. Price, 267 S. W. 2d, 855; M. T. Reed Construction Co. v. Virginia Metal Products Corp. 213 F. 2d, 337. In the latter case the State Building Commission of Mississippi awarded three different contracts for the construction of a library building for the University of Mississippi. The plaintiff's contract was for the general construction of the building and the defendant's contract was for the furnishing and installation of steel bookstacks. A third contract was for the electrical work. The con- tractors agreed in their respective contracts to coordinate their work and cooperate with each other so as to facilitate and expedite the completion of the building. The defendant failed to install the steel bookstacks on time. The plaintiff recovered a verdict in the trial court which was later set aside, rendering judgment for the defendant notwithstanding the ver- dict. The Court of Appeals reversed, stating:

"Upon the facts established by the verdict of the jury, and under our interpretation of the written contract, we agree with appellant that it was a direct beneficiary of the contract of appellee with the state building commission, which obligated the appellee to cooperate with appellant and coordinate its work with that of appellant so as to enable both of them to complete their respective jobs on time. The building could not have been completed without such mutual obligation on the part of each of the contractors, and the obligation so to do was a part of the considera- tion that induced each of the contractors to undertake its particular job at the agreed price. The jury heard all of the facts in evidence, and returned a verdict for appellant for the amount stated."

Counsel for the railroads urge that an intent to benefit a third person must appear in order to enable him to sue on the contract. We are of the opinion that in considering the railroad contracts and the plans and speci- fications and sequence of work specifications it is apparent that it was intended to benefit the contractor, as they all provided for cooperation in order that the job might be completed as scheduled. See Sections G-4.01, G-5.04, G-5.05 and G-9.07 of Standard Specifications which were made a part of the contracts. In the sequence of work specifications, seven steps of construction were assumed by the railroads and six, by Visintine. It was necessary for the railroads to perform step No. 1 before Visintine could perform step No. 2, and then the railroad, No. 3, and Visintine, No. 4, etc. All parties agreed that this procedure should be followed. Throughout all contracts it was made plain that the work of Visintine was dependent upon the performance by the railroad of their contractual obligations and vice versa. By each performing their obligations in the proper sequence a benefit was incurred upon the other by permitting them to complete their work in accordance with the terms of their various contracts.

From the facts alleged in the amended petition and under the Ohio

authorities cited, we conclude that Visintine was a "creditor beneficiary" and qualified to maintain the first cause of action against the defendant railroads. The court erred in sustaining the demurrers to the first cause of action and in rendering final judgment for the defendant thereon.

We find no error in the court's sustaining the demurrers to the second cause of action which was based upon negligence. In order for an action for tort to lie there must be a duty owed by one party to the other and in this case the duty owed by the defendants was a duty to perform their contract with the State of Ohio and did not involve the plaintiff in any particular. Mere negligence in interfering with another's contract rights will not sustain a cause of action for damages.

The judgment entered on the first cause of action will be reversed; on the second, affirmed and cause remanded for further proceedings according to law.

PETREE, PJ, BRYANT, J, concur.