[Cite as *Colley v. Crabtree*, 2024-Ohio-437.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| MARJEAN COLLEY ADMINISTRATOR OF THE ESTATE OF KYLE DANA COLLEY, | : : : : | Case No. 22CA3997 |
| Plaintiff-Appellant, | : : | |
| v. | : : | DECISION AND JUDGMENT ENTRY |
| DANIEL TRAVIS CRABTREE, et. al., | : : | |
| Defendants-Appellees. | : : | **RELEASED: 02/02/2024** |

## APPEARANCES:

James H. Banks, Dublin, Ohio, for Appellant.

Andrew N. Yosowitz, Teetor Westfall LLC, Columbus, Ohio, for Appellees.

Wilkin, J.

{¶1} Appellant, Marjean Colley ("Colley"), appeals a Scioto County Court of Common Pleas judgment entry that dismissed her complaint against appellees because it failed to state a claim upon which relief could be granted. Appellees include Scioto County Sheriff's Department/Scioto County, Ohio, and Scioto County employees, Denver Triggs and Matthew D. Spencer. Pertinent to this appeal are Colley's claims against appellees for their roles in allegedly conducting or permitting an "insufficient investigation" into the cause of her son's death and subsequent alleged cover-up of that investigation.

{¶2} Colley first asserts that the trial judge erred in not recusing himself from this case. Filing an affidavit of prejudice with the Ohio Supreme Court

pursuant to R.C. 2701.03 is the exclusive means of seeking recusal of a judge. Because Colley never availed herself of this provision, we overrule her first assignment of error.

{¶3} In her second, third, and fourth assignments of error, Colley asserts that the trial court erred in dismissing her complaint pursuant to Civ.R. 12(B)(6). After a de novo review of this case, we find that Colley's complaint fails to state a cognizable cause of action upon which relief could be granted against any of the appellees. Therefore, we overrule Colley's second, third, and fourth assignments of error.

{¶4} Accordingly, we affirm the trial courts judgment of dismissal.

PROCEDURAL BACKGROUND

{¶5} On October 28, 2021, Colley filed a complaint that asserted ten "claims" against Daniel Crabtree, Sydney Thompson, unknown agencies, John/Jane Doe(s), and appellees.

{¶6} Claims one through four alleged that on November 3, 2019, Crabtree and Thompson went to Colley's son's ("decedent") home located in McDermott, Scioto County, Ohio intending to harm him. Crabtree and Doe(s) beat the decedent, while other persons watched. As a direct and proximate result of the beating, the decedent suffered injuries that resulted in his death. The complaint alleged that Crabtree's actions constituted assault and battery, and resulted in the wrongful death of decedent. Assault and battery, wrongful death, along with a survival claim were alleged by Colley against Crabtree, Thompson, and the Doe(s), who are not parties to this appeal.

**{¶7}** The fifth claim alleged that after the decedent's body was discovered on November 3, 2019, Triggs and Spencer, employees of the Scioto County Sheriff's Department and Doe(s) arrived at the decedent's home. It alleged that Spencer was good friends with Crabtree's brother and subsequently worked for Crabtree's brother. The fifth claim further contended:

> Without investigation, said [Appellees] determined that the cause of [the decedent's] death was a self-injected drug overdose despite the following: (A) No needles were found in the house or in [decedent's] arm; (B) No drugs were found near or in the house; (C) The house had been ransacked; (D) Furniture and belongings belonging to the decedent were broken and strewn about the area where [the decedent] was found; (E) There were blood splatters on the walls and floor; and (F) The couch upon which [the decedent] was found was soaked with blood, as was the floor beneath the couch.

**{¶8}** The claim additionally alleged that to further support their determination that the decedent died of an overdose, appellees canceled a request for the Scioto County Coroner to come to the decedent's home and instead had the decedent's body delivered to the Montgomery County Coroner's Office. Appellees also filed a report that concluded the decedent died of an overdose.

**{¶9}** Finally, the fifth claim alleged that the following facts were known or should have been known and/or reported to the appellees:

> (A) In the photos of the home [the decedent's] body had been repositioned on the couch from the position when his body was initially found to the time that [Triggs and Spencer] took pictures; (B) [Decedent's body] was not examined for injury or damage, nor to determine whether he had been forcefully administered a "hot shot" or other drug to cause an overdose; (C) [Triggs and Spencer] refused to gather evidence regarding the blood splatters on the walls, couch and floor; (D) [Decedent's] I-Pad was stolen and used by someone after his death to suggest that he was still

alive; (E) Money was missing from [the decedent's] billfold despite the fact that witnesses confirmed that he had cash in the billfold on the day of his death and despite the fact that he allegedly had an additional $40.00 which defendant Thompson claimed she had paid him that day for a past debt; (F) Witnesses reported that there was "bad blood" between defendant Crabtree and [decedent] and a man believed to be Crabtree was seen near the back of [decedent's] house on the date of the [decedent's] death; (G) Defendant Thompson claimed she pulled a needle out of the [decedent's] hand but no needle was found at the residence; (H) Witnesses with information regarding the [decedent's] death were not questioned and/or their statements were taken as truth, without investigation or corroboration, to support [Triggs' and Spencer's] faulty determination of drug overdose as [decedent's] cause of death[.]

{¶10} The sixth claim alleged that the appellees conspired with each other to cover up the true cause of the decedent's death (beating), and the identity of his killer (Crabtree). These acts were alleged to have been performed under the direction and approval of the appellees acting in furtherance of each of their business interests collectively or individually.

{¶11} The seventh claim alleged that appellee, Scioto County Sheriff's Department/Scioto County, Ohio (hereinafter referred to as "Scioto County" or the "County"), adopted policies "whereby misfeasance, malfeasance, negligence, and cover-up" by its employees were "uncontrolled and unpunished." The County knew or should have known of these acts and taken corrective measures to stop the wrongful conduct. These "extreme and outrageous" acts were performed by Scioto County's employees herein to the detriment of Colley.

{¶12} The eighth and ninth claims alleged that the appellees' actions herein were performed "knowingly, wantonly, willfully, recklessly, and/or intentionally, negligently, maliciously and without cause, justification or excuse."

{¶13} The tenth claim alleged that appellees' actions herein constituted negligent and intentional infliction of emotional distress upon Colley and the decedent's beneficiaries.

{¶14} As a direct and proximate cause of all the aforementioned claims, the complaint alleged that Colley, the decedent, and decedent's beneficiaries suffered damages against appellees jointly and severally in excess of $25,000, reasonable attorney fees, and any further relief the court might award.

{¶15} On November 24, 2021, appellees filed a Civ.R. 12(B)(6) motion to dismiss Colley's complaint alleging that it failed to state a claim upon which relief could be granted.

{¶16} Appellees first argued that Scioto County did not have the capacity to be sued.  Alternatively, appellees alleged that the County was immune from liability under R.C. Chapter 2744.

{¶17} The motion also maintained that the appellees took no part in any actions that contributed to the decedents' injuries or death.  Rather, they were allegedly committed by persons who were not employed with Scioto County. Therefore, claims one through four for assault and battery, survivorship, and wrongful death against Crabtree, Thompson, and Doe(s) failed to state a claim upon which relief could be granted against the appellees.

{¶18} The appellees further asserted that Ohio does not recognize a claim for insufficient investigation as alleged in claim five.  Thus, appellees argue that Colley's fifth claim failed to state a claim upon which relief could be granted.

{¶19} Appellees also argued that Colley's sixth claim alleging conspiracy was not pled with sufficient specificity, and instead made vague or conclusory allegations and therefore failed to state a claim upon which relief could be granted. Colley's complaint lacked "any facts" that the trial court could interpret as supporting a finding that Crabtree and Thompson engaged in a conspiracy with appellees. Colley simply concluded that appellees acted in concert to conceal the true cause of the decedent's death without any factual support. Therefore, appellees argued that Colley's sixth claim failed to state a claim upon which relief could be granted.

{¶20} Appellees argued that Colley's seventh claim directed only at Scioto County failed as a matter of law because even if Colley alleged a viable cause of action against the County, it was immune from liability.

{¶21} Colley's eighth and ninth claims alleged that appellees acted recklessly, wantonly, willfully, etc. Appellees argued such claims are not torts, but instead "are levels of culpability needed to overcome" immunity of a viable tort. For that reason, appellees contended that Colley's eighth and ninth claims failed to state a claim upon which relief could be granted.

{¶22} Finally, Colley's tenth claim alleging negligent and intentional infliction of emotional distress also failed as a matter of law. For a claim of negligent infliction of emotional distress, appellees cited *High v. Howard* for the proposition that "Ohio courts have limited recovery to where the plaintiff is a bystander to an accident or was in fear of physical consequences of his own person." 64 Ohio St.3d 82, 85-86, 1992-Ohio-125, 592 N.E.2d 818 (1992).

Colley was not a bystander to an accident and was not in fear of physical consequences for her person. Thus, Colley failed to set out a viable claim of negligent infliction of emotional distress.

{¶23} Appellees further alleged that in order to recover for intentional infliction of emotional distress, a plaintiff must prove: 1) that the defendant either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) the defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and it can be considered as utterly intolerable in a civilized community; 3) that the defendant's actions were the proximate cause of plaintiff's emotional distress; and 4) that the mental anguish suffered by plaintiff is serious to the extent that no reasonable man could be expected to endure it. *Pyle v. Pyle*, 11 Ohio App. 3d 31, 34, 463 N.E.2d 98 (8th Dist. 1983). The appellees argued that Colley did not allege the type of serious mental anguish that *Pyle* requires.

{¶24} Accordingly, appellees maintained that Colley's claims for negligent and intentional infliction of emotional distress also failed to state a claim upon which relief could be granted.

{¶25} Additionally, appellees' motion to dismiss claimed that Triggs and Spencer, as employees of Scioto County, a political subdivision, were entitled to statutory immunity under Chapter R.C. 2744. They argued that R.C. 2744.03(A)(6)(b) provided that a political subdivision's employees are immune from liability, unless the employee's acts or omissions were made with malicious purpose, bad faith, or were committed in a wanton or reckless manner.

Appellees claimed that even if Triggs and Spencer were wrong about the cause of the decedent's death, there was no basis to argue that their actions were reckless, malicious, or made in bad faith, which was the level of culpability necessary to overcome immunity.

**{¶26}** Therefore, the appellees sought dismissal of Colley's complaint for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6). Attached to the motion was a copy of the deceased's autopsy report.

**{¶27}** On December 22, 2021, Colley filed a motion requesting the trial judge to recuse himself from the case, and for an extension to respond to the appellees' motion to dismiss. Colley noted that the judge and appellees were all employees of Scioto County. Colley also claimed that the trial judge was previously a prosecutor for the City of Portsmouth, Ohio and during that time he prosecuted the decedent on several occasions. Therefore, to avoid the appearance of impropriety, Colley requested that the judge recuse himself from this case. Colley also filed a motion to stay the proceedings until the judge ruled on her motion for recusal.

**{¶28}** On December 29, 2021, the appellees filed a motion opposing Colley's motion for recusal. They argued that the motion was an attempt to delay the case, was procedurally improper because Colley did not comply with R.C. 2701.03, the judge's prior professional activities are not grounds for recusal, and the motion lacked legal merit.

**{¶29}** On January 3, 2022, the trial court issued an entry that denied Colley's motion for a stay but granted her a 30-day extension to respond to the

appellees' motion to dismiss. The court also issued an additional entry that requested Colley provide the court with a list of cases she believed would cause a conflict by 4:00 p.m. on January 27. No pleading containing a list of such cases can be found in the record.

{¶30} On February 1, 2022, Colley filed a motion opposing the appellees' motion to dismiss. Colley essentially restated her claims maintaining that if the court accepted her allegations as true, then her complaint did state a claim upon which she could recover damages. She also maintained that a Civ.R. 12(B)(6) motion to dismiss was limited to the allegations in the plaintiff's complaint so the trial court could not consider the copy of the autopsy that was attached to the appellees' motion to dismiss.

{¶31} On April 6, 2022, the court issued a judgment entry that granted the appellees' motion to dismiss. The court acknowledged that as a Civ.R. 12(B)(6) motion its analysis was limited to the complaint and thus it could not consider the copy of the coroner's report that was attached to the appellees' motion to dismiss. The court then determined that Scioto County was capable of being sued, but was immune from liability under R.C. Chapter 2744.

{¶32} The court recognized that claims one through four were alleged against Crabtree and Thompson, not the appellees herein. Consequently, the trial court declined to address these claims in resolving appellees' motion to dismiss.

{¶33} In addressing Colley's fifth claim, the entry stated that the complaint alleged "no facts that could be inferred to indicate that Triggs and Spencer did

anything other than report to investigate a death." The court also found that because Ohio law does not recognize a claim for a "negligent investigation," Colley's fifth claim failed to state a claim upon which relief could be granted and should be dismissed.

{¶34} In considering Colley's sixth claim, the entry determined Colley's conspiracy action was not supported by any underlying tort, which is required for a civil conspiracy action. The court also found the mere fact that Spencer was friends with Crabtree's brother was not enough to support the conspiracy claim against appellees. Therefore, the entry concluded that Colley's sixth claim failed to state a claim upon which relief could be granted.

{¶35} Although the entry did not expressly address claim seven, it effectively held that Scioto County was not liable when it determined that the County was immune from liability pursuant to R.C. Chapter 2744.

{¶36} The court then considered Colley's tenth claim for negligent and intentional infliction of emotional distress against the appellees. The court found that Crabtree's alleged actions could have caused this type of severe mental distress. However, the court found that there is no allegation which sets forth any emotional distress caused by Triggs and Spencer in conducting their investigation. Therefore, the court found that Colley's tenth claim failed to set out a claim upon which relief could be granted.

{¶37} Finally, the court addressed Colley's eighth and ninth claims when it considered the liability of Scioto County employees, Triggs and Spencer. The court began by stating "[a]lthough this Court has disposed of the claims against

Triggs and Spencer above, this Court will also consider whether statutory immunity applies, as requested in the motion to dismiss." The court found that employees of political subdivisions are immune from liability unless their actions were conducted " 'with malicious purpose' in bad faith, or in a wanton or reckless manner." The court determined that if Colley had stated a viable claim in this case, Colley's allegations for purposes of the Civ.R. 12(B)(6) motion would have been sufficient to remove immunity from Triggs and Spencer.

{¶38} The entry concluded that Colley's claims against Triggs, Spencer, and the County, were dismissed because they failed to state a claim upon which relief could be granted. It is this judgment that Colley appeals.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED IN REFUSING TO RECUSE ITSELF FROM THE CASE AND IN REFUSING TO STAY THE PROCEEDINGS ON DEFENDANT-APPELLEE'S MOTION TO DISMISS BEFORE RESOLVING THE ISSUE OF RECUSAL

II.     THE TRIAL COURT ERRED IN GRANTING THE 12(B)(6) MOTION TO DISMISS FILED BY DEFENDANTS-APPELLEES DENVER TRIGGS, MATTHEW SPENCER, AND SCIOTO COUNTY SHERIFF'S DEPARTMENT/SCIOTO COUNTY OHIO, OHIO ON PLAINTIFF-APPELLANT'S CLAIMS AGAINST THEM

III.    THE TRIAL COURT ERRED IN DETERMINING THAT STATUTORY IMMUNITY UNDER R.C. CHAPTER 2744 SHIELDS DEFENDANT-APPELLEE SCIOTO COUNTY SHERIFF'S DEPARTMENT/SCIOTO COUNTY, OHIO FROM LIABILITY ON PLAINTIFF-APPELLANT'S CLAIMS

IV.     THE TRIAL COURT ERRED IN DETERMINING THAT DEFENDANTS-APPELLEES DENVER TRIGGS AND MATTHEW SPENCER ARE NOT PROTECTED BY STATUTORY IMMUNITY BASED UPON PLAINTIFF'S CLAIMS, WHILE AT THE SAME TIME FINDING THAT PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THEM

First Assignment of Error

{¶39} Because the trial judge in this case had purportedly prosecuted the decedent herein when he (the judge) was a prosecutor in Portsmouth, Ohio, Colley moved the judge to recuse himself from this case. Colley maintains that in the interest of justice and to avoid the appearance of impropriety, the judge should have recused himself from this case. At minimum, Colley maintains that the judge should have afforded her an opportunity to file an affidavit of disqualification under R.C. 2701.03 before the trial court denied her motion for recusal. The trial court's failure to hold an oral hearing or rule on her motion for recusal prior to dismissing the case deprived her of due process.

{¶40} In response, the appellees claim that R.C. 2701.03 provides the exclusive means for a litigant to have a judge removed for bias. The record contains no evidence that Colley filed an affidavit of bias with the clerk of the Supreme Court as required by R.C. 2701.03.

{¶41} The appellees also claim that Colley has not overcome a judge's presumption of integrity. The appellees claim that the judge herein was involved in only two prior cases with the decedent herein and that occurred more than 15 years before the instant case. The judge also maintained that he did not recall either case and that he could be fair and impartial in the case at bar.

A. Law

{¶42} "[T]he Ohio Constitution 'vests exclusive authority to pass on disqualification matters in the chief justice or her designee.' " *In the Matter of: C.S.*, 4th Dist. Jackson No. 23CA12, 2023-Ohio-3754, ¶ 21, quoting *State v.*

*Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 62, citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978).  R.C. 2701.03 provides the process that a litigant must follow when seeking to disqualify a judge.  "Consequently, 'any attempt to obtain a judge's recusal must be made in consideration of the filing requirements of R.C. 2701.03 and other principles underlying' the disqualification process."  *Id.* quoting *In re Navarre*, 156 Ohio St.3d 1208, 2019-Ohio-850, 124 N.E.3d 843, ¶ 5.  In part, R.C. 2701.03 states:

> (A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.

**{¶43}** Because "only the Chief Justice or his designee may hear disqualification matters," a court of appeals has no authority "to pass upon disqualification or to void the judgment of the trial court upon that basis."  *Griffith* at 441-442.

B. Analysis

**{¶44}** Colley's exclusive remedy for seeking the trial judge's removal was filing an affidavit of prejudice with the clerk of the Ohio Supreme Court as directed by R.C. 2701.03.  However, Colley did not pursue this avenue of redress.

{¶45} Colley also claims that she was not afforded an opportunity to file an affidavit of prejudice because the trial court failed to hold an oral hearing or to rule on her motion for recusal before it granted appellees' motion to dismiss.

{¶46} The trial judge was under no obligation to hold a hearing on Colley's motion to recuse, let alone rule on her motion for recusal. Colley filed her complaint on October 28, 2021. Appellees did not file their motion to dismiss until almost a month later on November 24, 2021. And the trial court's decision granting appellees' motion to dismiss was not issued until April 6, 2022. Thus, Colley had at least five months after filing her complaint to file an affidavit of prejudice with the Supreme Court. Yet, she chose not to do so and instead filed a motion with the trial judge seeking his recusal. Colley cannot now complain that she was not afforded an opportunity to file an affidavit of prejudice. Her due process rights were not violated.

{¶47} Having no authority to review a trial court's decision regarding a party's motion for recusal or disqualification, or to otherwise pass on disqualification of a trial judge, we overrule Colley's first assignment of error.

Second Assignment of Error

{¶48} In her second assignment of error, Colley maintains that the trial court erred in granting the 12(B)(6) motion to dismiss filed by appellees. She claims that a review of her complaint demonstrates that her "claims could easily be resolved in her favor."

{¶49} Colley asserts that her first two claims alleged that Crabtree and Doe(s) beat the decedent to death while Thompson watched. This is the basis

for the damages that she seeks in the third and fourth claims for assault and battery and her son's resulting death.

{¶50} Regarding the fifth claim, Colley maintains that she does not challenge the "sufficiency of the investigation" as the trial court found. Rather, she claims that appellees "manipulated and ignored evidence, made false reports and did their best to cover-up" that the true cause of decedent's death was a beating, not a self-inflicted drug overdose as appellees concluded.

{¶51} In her sixth claim, she alleges that the appellees conspired among themselves and used their authority to cover-up that the decedent's true cause of death was a beating from Crabtree, not a self-inflicted overdose. She asserts that Triggs and Spencer engaged in this conspiracy because they were "friends" with Crabtree and wanted to protect him from "criminal charges." She argues that the underlying torts that support the conspiracy claim are "murder" and "misuse of police power."

{¶52} In her seventh claim, Colley essentially alleges that Scioto County is liable for the actions of its employees, i.e., Triggs and Spencer herein.

{¶53} Claims eight and nine are similar both alleging that appellees' actions herein were committed negligently, recklessly, willfully and wantonly, or intentionally.

{¶54} Regarding her tenth claim, Colley claims that it is "inconceivable" that the murder of her son and the cover-up would not cause her emotional distress. This is an issue that cannot be resolved at the pleading stage of a case, but must be developed through discovery.

**{¶55}** In response, the appellees maintain that the trial court did not err in dismissing Colley's complaint. They first argue that Scioto County cannot be sued in court. Alternatively, even if the County can be sued, it is entitled to immunity under R.C. Chapter 2744. For purposes of immunity, Scioto County is a political subdivision engaging in the government activity of policing under R.C. 2744.01(C)(2)(a). Because the County was engaging in government activity, it was immune from liability under R.C. 2744.02(A)(1). And none of the five exceptions to immunity listed in R.C. 2744.02 apply under the facts of this case. Therefore, Scioto County would be immune from Colley's complaint.

**{¶56}** Even if the appellees are not immune from suit, Colley's complaint still fails to assert a viable claim against them. Regarding Colley's fifth claim, appellees maintain that a negligent, reckless, or even malicious investigation is not a tort recognized in Ohio, so it was properly dismissed.

**{¶57}** Regarding Colley's sixth claim, appellees argue that the civil conspiracy claim was not sufficiently pled. Colley's complaint lacks any facts that support a conspiracy existed between Crabtree and Thompson, and Triggs and Spencer. Colley merely concludes that they acted in concert to cover-up the death of decedent. Even accepting that Spencer is friends with Crabtree's brother this is not enough to support a conspiracy.

**{¶58}** Appellees also claim that there is no underlying tort supporting the conspiracy claim. They maintain that there is no allegation Triggs and Spencer were involved in the decedent's murder, and misuse of police power is not a tort recognized in Ohio.

**{¶59}** Appellees assert that Colley's eighth and ninth claims, which allege that appellees acted wantonly, willfully, recklessly, etc., set forth no viable claim or tort against appellees.  Rather, they are "levels of culpability needed to overcome a public employee's statutory immunity under R.C. 2744.03(A)(6)(b)."  Consequently, the trial court properly dismissed both of those claims.

**{¶60}** Appellees maintain that Colley's tenth claim for emotional distress also fails.  Negligent infliction of emotional distress requires that the plaintiff is a bystander to an accident that causes fear.  Colley does not allege that she was a bystander to any accident.  Appellees also claim that Colley did not allege the type of emotional distress, which is "severe and debilitating[,]" that is required for a claim of intentional infliction of emotional distress.

**{¶61}** Accordingly, appellees urge this court to affirm the trial court's judgment entry that dismissed Colley's complaint.

### A. Law

**{¶62}** "Appellate courts conduct a de novo review of trial court decisions granting a Civ.R. 12(B)(6) motion to dismiss."  *Alexander Loc. Sch. Dist. Bd. of Educ. v. Vill. of Albany*, 2017-Ohio-8704, 101 N.E.3d 21, ¶ 22 (4th Dist.), citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12.  Therefore, in reviewing a trial court's decision regarding a Civ.R. 12(B)(6) motion to dismiss, "we afford no deference to the trial court's decision and apply our own, independent review to determine if the requirements of Civ.R. 12(B)(6) were satisfied."  *Estep v. State*, 4th Dist. Ross No. 09CA3088, 2009-Ohio-4349, ¶ 5.

**{¶63}** " '[A] Civ.R. 12(B)(6) motion to dismiss tests only the sufficiency of the allegations.' " (Brackets sic.) *Student Doe v. Adkins*, 2021-Ohio-3389, 178 N.E.3d 947, ¶ 19 (4th Dist.), quoting *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 9.  This means that " 'courts cannot rely on evidence or allegations outside the complaint to determine a Civ.R. 12(B)(6) motion.' " *Billman v. Meintel*, 4th Dist. Pickaway No. 22CA10, 2023-Ohio-922, ¶ 15, citing *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997), citing *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580, 581, 669 N.E.2d 835 (1996). "When a party presents evidence outside the pleadings, the trial court bears the 'responsibility either to disregard [the] extraneous material or to convert [the] motion to dismiss into a motion for summary judgment * * *.' " (Brackets and ellipses sic.)  *Lang v. Enervest Energy Institutional Fund XI A LP*, 2016-Ohio-4844, 68 N.E.3d 179, ¶ 31 (4th Dist.), quoting *Keller v. Columbus,* 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 18.

**{¶64}** In reviewing a Civ.R. 12(B)(6) motion to dismiss, a "court must presume that all factual allegations contained in the complaint are true and must construe all reasonable inferences in favor of the nonmoving party."  *Varney v. Allen*, 4th Dist. Ross No. 16CA3543, 2017-Ohio-1409, ¶ 15, citing *State ex rel. Talwar v. State Med. Bd. of Ohio,* 104 Ohio St.3d 290, 2004-Ohio-6410, 819 N.E.2d 654, ¶ 5.  " 'This standard is consistent with Civ.R. 8(A), which provides for notice pleading and requires only (1) "a short and plain, statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for

the relief to which he deems himself entitled." ' " *Alexander Loc. Sch. Dist. Bd. of Educ.*, 2017-Ohio-8704, 101 N.E.3d 21, ¶ 24 (4th Dist.), quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549, 605 N.E.2d 378 (1992), quoting *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). "Accordingly, a complaint is not 'fatally defective and subject to dismissal' simply because it does not set forth each element of a cause of action 'with crystalline specificity.' " *Id.*, quoting *Border City Sav. & Loan Ass'n. v. Moan*, 15 Ohio St.3d 65, 66, 472 N.E.2d 350 (1984).

**{¶65}** However, "the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions." *Evans v. Ohio Att'y Gen.*, 4th Dist. Scioto No. 20CA3927, 2021-Ohio-1146, ¶ 8, quoting *Evans v. Shapiro*, 4th Dist. Ross No. 18CA3670, 2019-Ohio-3209, ¶ 19, quoting *Henderson v. State*, 8th Dist. Cuyahoga No. 101862, 2015-Ohio-1742, ¶ 10.

### B. Analysis

**{¶66}** For the sake of convenience, we address some of the claims in Colley's complaint out of order.  We begin our analysis by addressing claims one though four, five, six, and ten.  Then we address eight and nine together and finish with claim seven.

### 1. Claims One-Four

**{¶67}** As recognized by the trial court, claims one through four of Colley's complaint were asserted against Crabtree, Thompson and possibly Doe(s), not appellees.  Therefore, the trial court declined to address those claims in its

judgment entry of dismissal.  Similarly, we decline to review those claims alleged in Colley's appeal.

2. Claim Five

**{¶68}** Colley's fifth claim asserts that "[*w*]*ithout investigation*" the appellees determined that the cause of [decedent's] death was a self-injected drug overdose despite [evidence to the contrary]."  Although Civ.R. 8 requires a plaintiff to only assert "a short and plain statement of the claim showing that the party is entitled to relief," a complaint must still set out a claim that is cognizable or viable in the law.  Recovery in tort requires "proof of duty, breach, proximate cause and damages."  *Simpkins v. Grace Brethren Church of Delaware*, 2014-Ohio-3465, 16 N.E.3d 687, ¶ 34 (5th Dist.), citing *Abrams v. Worthington,* 169 Ohio App.3d 94, 2006-Ohio-5516, 861 N.E.2d 920 (10th Dist.).

**{¶69}** "If the alleged tortfeasor owes no duty to the claimant, no viable cause of action grounded in tort exists."  *Lockwood v. Larson*, 1st Dist. Hamilton No.  A-8200309, 1985 WL 8931, *3 (July 17, 1985), citing *Visintine & Co. v. New York, Chicago & St. Louis R. Co.*, 155 N.E.2d 682, 686 (10th Dist. 1958).  "Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff."  *Commerce & Industry Ins. Co.,* 45 Ohio St.3d 96, 98, 543 N.E.2d 1188 (1989), citing *Baltimore & Ohio Southwestern Ry. Co. v. Cox*, 66 Ohio St. 276, 64 N.E. 119 (1902).  "Typically, a duty may be established by common law, legislative enactment, or by the particular facts and circumstances of the case."  *Chambers v. St. Mary's Sch.*, 82 Ohio St. 3d 563,

565, 1998-Ohio-184, 697 N.E.2d 198, citing *Eisenhuth v. Moneyhon*, 161 Ohio St. 367, 119 N.E.2d 440, (1954), paragraph one of the syllabus.

**{¶70}** Colley's complaint cites no statute or common law that supports a tort for negligent and/or reckless investigation.  Indeed, Ohio and other jurisdictions have recognized that there is no cognizable cause of action for a "negligent investigation."  *See Lamson v. Firestone & Rubber Co.*, 9th Dist. Summit No. 14692, 1991 WL 35098, *3 (Mar. 13, 1991); *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 8th Dist. Cuyahoga No. 73533, 1998 WL 774987, *4 (Nov. 5, 1998); *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994); *Lahm v. Farrington*, 166 N.H. 146, 150-151, 90 A.3d 620 (2014);  *Laymon v. Washington State Dep't of Nat. Res.*, 99 Wash. App. 518, 530, 994 P.2d 232, 239 (2000).

**{¶71}** Therefore, we find that Colley's fifth claim fails to state a viable cause of action for an insufficient investigation upon which relief can be granted.

### 3. Claim Six

**{¶72}** In her sixth claim, Colley alleged that the appellees acted in concert with each other "to conceal and/or cover up the true cause of the death of decedent[.]"

**{¶73}** " 'The elements of a civil conspiracy claim are: "(1) a malicious combination, (2) involving two or more persons, (3) causing injury to person or property, and (4) the existence of an unlawful act independent from the conspiracy itself." ' "  *Ogle v. Hocking Cty.*, 4th Dist. Hocking No. 11CA31, 2013-Ohio-597, ¶ 14, quoting *Cook v. Kudlacz,* 2012-Ohio-2999, 974 N.E.2d 706, ¶ 90

(7th Dist.), quoting *State ex rel. Fatur v. Eastlake,* 11th Dist. No. 2009-L-037, 2010-Ohio-1448, ¶ 45; *Williams v. Aetna Fin. Co.*, 83 Ohio St. 3d 464, 475, 1998-Ohio-294, 700 N.E.2d 859. " 'A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy.' " *Id.* at ¶ 15, quoting *Morrow v. Reminger & Reminger C L.P.A.,* 183 Ohio App.3d 40, 2009-Ohio-2665, 915 N.E.2d 696, ¶ 40 (10th Dist.).

{¶74} Colley alleges that two torts underlie her conspiracy claim: murder and misuse of police power.  Notably, neither of these torts is expressly alleged in the sixth claim of Colley's complaint.

{¶75} Colley's complaint contends that Crabtree murdered the decedent, which manifested in the tort of wrongful death.  However, that claim is alleged against only Crabtree, and possibly Spencer and Doe(s).  But there are no allegations connecting any of the appellees with causing the decedent's death. As a result, murder cannot be an underlying tort to Colley's conspiracy claim against appellees.

{¶76} Finally, whether labeled a failure to investigate or misuse of police power, as we found *infra*, the allegation fails to set forth a cognizable legal claim. Therefore, misuse of police power cannot be an underlying tort to Colley's conspiracy claim against appellees.

{¶77} Therefore, we find that Colley's sixth claim fails to state a viable cause of action for conspiracy upon which relief can be granted against appellees.

### 4. Claim Ten

**{¶78}** Colley's tenth claim alleges that appellees' actions resulted in negligent and intentional infliction of emotional distress.

**{¶79}** To set out a successful claim for negligent infliction of emotional distress a plaintiff must prove: "(1) the plaintiff was a bystander, (2) the plaintiff reasonably appreciated the peril that took place, whether or not the victim suffered actual physical harm, and (3) the plaintiff suffered serious emotional distress as a result of this cognizance or fear of peril." *Walker v. Firelands Community Hosp.,* 170 Ohio App.3d 785, 2007-Ohio-871, 869 N.E.2d 66, ¶ 59 (6th Dist.), citing *Paugh v. Hanks,* 6 Ohio St.3d 72, 80, 451 N.E.2d 759 (1983).

**{¶80}** "A successful intentional infliction of emotional distress claim requires a plaintiff to prove: (1) the defendant intentionally or recklessly caused the plaintiff serious emotional distress; (2) the defendant's conduct was 'extreme and outrageous'; and (3) the defendant's conduct proximately caused the plaintiff serious emotional distress." *Mender v. Chauncey*, 2015-Ohio-4105, 41 N.E.3d 1289, ¶ 24 (4th Dist.), quoting *Phung v. Waste Mgmt., Inc.,* 71 Ohio St.3d 408, 410, 644 N.E.2d 286 (1994).

**{¶81}** We find that Colley's claims for negligent and intentional infliction of emotional distress are derivative of her fifth and sixth claims (insufficient investigation and civil conspiracy). Courts have held that when a claim is dismissed, any derivative claim is dismissed as well. *See e.g. Singh v. Cleveland*, *Clinic Found*., 8th Dist. Cuyahoga No. 99066, 2013-Ohio-2465, ¶ 14

(Where a medical claim is dismissed so is the derivative emotional distress claim); *Bahen v. Diocese of Steubenville*, 7th Dist. Jefferson No. 11 JE 34, 2013-Ohio-2168, ¶ 9 (Where plaintiff's defamation claim fails to state a claim upon which relief can be granted for libel per se, the derivative claims for emotional distress must be dismissed as well.)  Because we have held that neither of the fifth or sixth claims in Colley's complaint state a claim upon which relief can be granted and must be dismissed, their derivative claims of negligent and intentional infliction of emotional distress must be dismissed as well.

{¶82} Accordingly, Colley's tenth claim fails to establish a claim upon which relief can be granted.

### 5. Claims Eight and Nine

{¶83} Claims eight and nine appear to allege that the appellees' actions of failing to investigate and conspiring to cover up the investigation were committed with increased, alternative degrees of culpabilities from those alleged in claims six and seven.  In other words, claims eight and nine allege that appellees acted negligently, recklessly, willfully and wantonly, or intentionally by failing to investigate the decedent's death (claim five), in conspiring to cover up the failed investigation (claim six).

{¶84} Alleging that the failure to investigate was intentional could be construed as an action for fraudulent investigation.  However, similar to our analysis in claim five, which found there is no cause of action for a negligent investigation, Colley's complaint cites no statute or common law that supports a cause of action for a fraudulent investigation.  As courts have found, a "fraudulent

investigation" is "not 'grounded in any statutory or common law cause of action.' "
*Hastings v. Shelby Cnty. Gov't*, W.D.Tenn. No. 2:17-cv-02687-SHL-cgc, 2019
WL 3782198, *2 (Aug. 12, 2019), quoting the magistrate's decision at 286. *See
also Marble v. Missoula Cnty.*, D.Montana No. CV 20-89-M-DLC, 2020 WL
6043858, *6 (Oct. 13, 2020) (stating that under federal law, the court could "find
no indication that the Ninth Circuit has recognized *anyone's* claim to an adequate
police investigation—whether that person is the suspect, victim, or family
member of either.") (Emphasis sic.).

{¶85} Regarding claim six, we determined infra that Colley failed to allege
any viable underlying tort claims, which was fatal to her conspiracy claim. Merely
alleging that the conspiracy was committed with a heightened degree of
culpability does not change that Colley has failed to allege any viable underlying
tort to support her conspiracy claim, which is fatal to her conspiracy claim.

{¶86} Therefore, we find that claims eight and nine fail to state any claim
upon which relief can be granted.

### 6. Claim Seven

{¶87} Finally, we address claim seven, which is against Scioto County
only. Similar to claims eight and nine, claim seven does not allege any culpable
conduct, but instead alleges that the County is liable for its employees' actions
herein. However, as we recounted in the preceding paragraphs, Colley fails to
set forth any viable claims against Scioto County's employees because there is
no underlying tort supporting her conspiracy claim, and there is no legally
cognizable claim for an insufficient or fraudulent investigation. Thus, Colley's

seventh claim against the County similarly fails to state a claim upon which relief can be granted.

7. The Complaint Fails to State a Claim Upon which Relief Can be Granted

**{¶88}** Based on our de novo review, for all the aforementioned reasons we find Colley's complaint fails to set forth any claim upon which relief can be granted under Civ.R. 12(B)(6). Therefore, we find that the trial court did not err in dismissing Colley's complaint. Accordingly, we overrule Colley's second assignment of error.

Assignment of Error III

**{¶89}** In her third assignment of error, Colley maintains that the trial court erred in determining that Scioto County was immune from liability under R.C. 2744.02(A)(1). Colley maintains that Scioto County's immunity is removed pursuant to R.C. 2744.02(B)(5) because R.C. 2923.01, criminal conspiracy, imposed liability on the County for conspiring to cover up Triggs and Spencer's insufficient investigation. Therefore, Scioto County is liable to Colley for the damages that Triggs and Spencer's insufficient investigation proximately caused.

**{¶90}** In response, appellees admit that Scioto County is a political subdivision, but maintain that it is immune from liability. The appellees claim that under the facts of this case, the County is a political subdivision engaged in a government service (providing police services) under R.C. 2744.01(C)(2)(a). That afforded Scioto County immunity under R.C. 2744.02(A)(1). While R.C. 2744.02(B) sets out five exceptions to immunity, none of them apply here. Contrary to Colley's argument, R.C. 2923.01 does not remove the County's

immunity because R.C. 2744.02(B)(5) provides an exception to immunity only "when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code[.]" R.C. 2923.01 defines criminal conspiracy but does not expressly impose civil liability on a political subdivision. Consequently, because none of the R.C. 2744.02(B) exceptions to immunity apply, Scioto County remains immune from liability. Therefore, Colley's allegations against Scioto County fail to state a claim upon which relief can be granted.

### A. Law

{¶91} "Ohio counties are political subdivisions of the state that facilitate the state's operations." *Est. of Fleenor v. Ottawa Cnty.*, 170 Ohio St. 3d 38, 2022-Ohio-3581, 208 N.E.3d 783, ¶ 8, citing *State ex rel. Alexander v. Summit Cty.*, 4 Ohio N.P. 481, 17 Ohio Dec. 451,1906 WL 810 (C.P. 1906). "R.C. Chapter 2744 establishes a three-step analysis to determine whether a political subdivision is immune from liability." *Student Doe v. Adkins*, 2021-Ohio-3389, 178 N.E.3d 947, ¶ 22 (4th Dist.), citing *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 270, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 14.

{¶92} "First, R.C. 2744.02(A)(1) sets forth the general rule that 'a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function.' " *Id.* "A 'governmental function' includes * * * [t]he provision or nonprovision of police * * * services." R.C. 2744.01(C)(2)(a).

**{¶93}** "Once the political subdivision demonstrates that it is immune from tort liability under R.C. 2744.02(A)(1), the plaintiff bears the burden to show that one of the R.C. 2744.02(B) exceptions applies and removes the general grant of immunity." *Adkins.* at ¶ 23, citing *Martin v. Payne*, 3rd Dist. Paulding No. 11-20-05, 2021-Ohio-1557, ¶ 40. R.C. 2744.02(B) removes a political subdivision's immunity for injury, loss, or death due to: (1) "negligent operation of a motor vehicle", (2) "negligent performance * * * with respect to proprietary functions" (3) "negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads[,]" (4) "negligence of [a political subdivision's] employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function[,]" or (5) "when civil *liability* is *expressly imposed* upon the political subdivision by a section of the *Revised Code*." (Emphasis added.).

**{¶94}** If the plaintiff establishes one or more of the R.C. 2744.02(B) exceptions that removes the political subdivision's liability, the political subdivision may then "assert one of the R.C. 2744.03(A) defenses to re-instate immunity." *Adkins*, 2021-Ohio-3389, 178 N.E.3d 947, ¶ 22 (4th Dist.), at ¶ 23, quoting *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 270, 2007-Ohio-1946, 865 N.E.2d 9, ¶ 14.

B. Analysis

**{¶95}** We note that in overruling Colley's second assignment of error, we have already determined that Colley's complaint fails to set forth any cognizable

cause of action against appellees, including Scioto County. Therefore, our consideration of the County's immunity is an alternate basis for finding that Colley's complaint fails to state a claim upon which relief can be granted against the County.

**{¶96}** Scioto County was engaged in "police" activities, so the County was a political subdivision engaged in a government function pursuant to R.C. 2744.01(C)(2)(a). This afforded the County immunity under R.C. 2744.02(A)(1), unless one of the five exceptions in R.C. 2744.02(B) applied. Clearly, based on the facts of this case, exceptions one through four do not remove Scioto County's immunity.

**{¶97}** Colley maintains R.C. 2923.01 removes Scioto County's immunity pursuant R.C. 2744.02(B)(5). R.C. 2923.01 defines the criminal offense of conspiracy. However, R.C. 2923.01 does not expressly impose civil liability on political subdivisions for participating in a criminal conspiracy. Consequently, R.C. 2923.01 does not remove the County's immunity for Colley's conspiracy claim under R.C. 2744.02(B)(5). Because none of the exceptions under R.C. 2744.02(B) apply, Scioto County remains immune from liability under R.C. 2744.02(A)(1).

**{¶98}** Thus, based on our de novo review, we also find that Colley's complaint fails to state a claim upon which relief can be granted against Scioto County because under the facts of this case the County is immune from liability. Accordingly, we overrule Colley's third assignment of error.

Assignment of Error IV

{¶99} In her fourth assignment of error, Colley claims that the trial court correctly opined that Triggs and Spencer were not entitled to immunity, which inferred that the court believed that they acted in bad faith and reckless disregard in investigating the decedent's death. However, this determination contradicts the court's finding that Colley's complaint failed to state a claim upon which relief could be granted because acts of bad faith and recklessness overcome immunity. Therefore, the trial court's determination that Colley's complaint against Triggs and Spencer failed to state a claim upon which relief can be granted was erroneous and must be reversed.

{¶100} In response, the appellees maintain that employee immunity is not relevant to this appeal. Appellees argue that the trial court determined that Colley's complaint failed to state a claim upon which relief could be granted because it failed to set out a viable claim against appellees. Therefore, immunity does not even come into play and Colley's fourth assignment of error should be overruled.

A. Law

{¶101} "Immunity is also extended to individual employees of political subdivisions." *Lambert v. Clancy*, 125 Ohio St. 3d 231, 2010-Ohio-1483, 927 N.E.2d 585, ¶ 10, citing R.C. 2744.03(A)(6). However, the three-tiered analysis used to determine whether a political subdivision is immune is not used to determine the liability of a political subdivision's employees. *Id.*, citing

*Cramer v. Auglaize Acres,* 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, ¶
17.

> Instead, R.C. 2744.03(A)(6) provides that an employee is
> personally immune from liability unless "(a) [t]he employee's acts
> or omissions were manifestly outside the scope of the employee's
> employment or official responsibilities; (b) [t]he employee's acts or
> omissions were with malicious purpose, in bad faith, or in a
> wanton or reckless manner; [or] (c) [c]ivil liability is expressly
> imposed upon the employee by a section of the Revised Code."
> For these purposes, allegations of negligence are insufficient to
> overcome the immunity granted to an employee of a political
> subdivision who acts within his or her official duties.

*Id.*, citing *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356, 639
N.E.2d 31 (1994).

### B. Analysis

{¶102} Similar to our analysis of Colley's third assignment of error, we
again note that in overruling Colley's second assignment of error, we have
already determined that Colley's complaint fails to set forth any cognizable cause
of action against appellees, including Triggs and Spencer.  We address Colley's
fourth assignment of error only to explain why the trial court's conclusion that
Colley's allegations were sufficient to remove Triggs and Spencer's immunity is
not inconsistent, as alleged by Colley, with its holding that her complaint failed to
state a viable claim against them.

{¶103} In its analysis regarding whether Scioto County employees Triggs
and Spencer were immune from liability, the trial court stated that "[a]lthough this
court has *disposed of the claims against Triggs and Spencer* above, this court
will also consider whether Statutory Immunity applies, as requested in the motion

to dismiss." [9] (Emphasis added.) However, later the entry states that "*if* [Colley] *had stated a claim* against Triggs and Spencer, then [Colley] has made sufficient allegations as to exceptions to statutory immunity found in R.C. 2744.03." (Emphasis added).  Based on the court's language, it is clear that the basis for finding that Colley's complaint failed to set out a claim against Triggs and Spencer was because Colley's complaint failed to state any cognizable tort(s). The court's additional determination that Colley's allegations against Triggs and Spencer would have been sufficient to remove their immunity under R.C. 2744.03(A)(6) for purposes of appellee's Civ.R. 12(B)(6) motion to dismiss is mere dicta.

{¶104} "An appellate court is not required to * * * rule on a question of law that cannot affect matters at issue in a case."  *Bambeck v. Cath. Dioceses of Cleveland*, 8th Dist. Cuyahoga No. 86894, 2006-Ohio-4883, ¶ 20, citing *State v. Bistricky*, 66 Ohio App.3d 395, 397, 584 N.E.2d 75 (8th Dist. 1990).  Therefore, we overrule Colley's fourth assignment of error.

CONCLUSION

{¶105} Having overruled all four of Colley's assignments of error, we affirm the trial court's judgment entry of dismissal.

**JUDGMENT AFFIRMED.**

JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**